**BOSTON PRINTING PRESSMEN'S UNION NO. 67, Plaintiff, Appellant,**

v.

**POTTER PRESS, Defendant, Appellee.**

**No. 5139.**

United States Court of Appeals
First Circuit.

March 8, 1957.

John S. McLellan, Kingsport, Tenn., Herbert S. Thatcher, Washington, D. C., and Robert M. Segal, Boston, Mass., on the brief, for appellant.

Harold Rosenwald, Boston, Mass., Edward Schneider, Hugh D. Rogovin and Schneider, Bronstein & Shapiro, Boston, Mass., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

The appeal here is from a judgment dismissing a complaint upon motion of the defendant.

Boston Printing Pressmen's Union No. 67 on February 21, 1956, filed its complaint against the Potter Press, a Massachusetts corporation, under § 301 of the Labor-Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185. Section 301(a) of this enactment reads:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, * * * may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The Union had entered into a written collective bargaining agreement with the Potter Press, effective September 1, 1952, and due to expire, according to its terms, on September 1, 1954. Section I provided that if either party desired a change or alteration of any of the terms of the contract, such party must give written notice to the other at least sixty days prior to the expiration date (September 1, 1954), failing which "this Agreement shall continue in force for another year." Section XVI contained provisions for setting up an arbitration committee, to which committee "shall be referred all questions that may arise affecting this contract and scale of prices; the construction to be placed upon any clause or clauses of this Agreement or scale or any violation thereof which cannot be settled otherwise * * *."

The next section (XVII) contained the following important provision:

"It is also agreed that all questions regarding a new contract and scale to become effective at the expiration of this Agreement, which cannot be settled by conciliation, shall be decided by arbitration as above provided, and this Agreement shall remain in force until all differences are settled by conciliation or arbitration."

On June 22, 1954, the Union notified the employer of its desire to discuss certain proposed changes in the terms and conditions of employment. Various negotiations followed, including some discussion of arbitration. On December 30, 1955, the Union wrote to the Company a formal recital that three unresolved questions regarding a renewal contract had not been settled by conciliation, namely, three weeks' vacation with pay, two additional holidays, and a sick and accident program; and accordingly the Union demanded that the Company submit these three unresolved questions to the arbitration committee in accordance with the contract. Eventually the Company wrote in reply that in its opinion the collective bargaining agreement with the Union had expired and that the parties had been unable to agree upon the terms of a renewal contract. "It is the position of the Company that Section 17 of the expired contract does not create a valid and enforceable obligation to arbitrate the renewal terms of the contract." Thereafter the Union filed its complaint in the United States District Court for the District of Massachusetts, setting forth the above facts and asking for an order directing the defendant to proceed to arbitrate the aforesaid unresolved differences. This complaint the district court dismissed, as above stated.

In Local 205, United Electrical, Radio & Machine Workers of America (UE) v. General Electric Co., 1 Cir., 1956, 233 F.2d 85, this court decided that a federal

district court was empowered, by the conjoint authority of § 301 of the Labor-Management Relations Act and of the United States Arbitration Act, as amended, 43 Stat. 883, 61 Stat. 669, 68 Stat. 1233, 9 U.S.C.A. § 1 et seq., to decree against an employer the specific performance of a collective bargaining agreement binding the employer to submit to arbitration a dispute over whether a certain employee was employed in a job classification carrying a higher rate of pay than he in fact was receiving, and another dispute involving the propriety of the discharge of an employee for refusing to clean certain machines when he asserted that such work was in addition to his regular duties, the answer to these controversies depending upon the proper interpretation to be given to provisions of the collective bargaining agreement.

When the present appeal was argued before us last November, we first thought it would be better for us to defer its disposition until we found out what the Supreme Court of the United States was going to do with Local 205, United Electrical, etc. v. General Electric Co. then pending on certiorari. Though certiorari was granted in that case early in October, 1956, 352 U.S. 822, 77 S.Ct. 63, 1 L.Ed.2d 46, the Supreme Court has not yet heard argument and seems unlikely to do so at least until the latter part of March. Since the General Electric case is an important and rather complicated one, it is not impossible that final disposition by the Supreme Court might be delayed until next fall, though of course this is pure speculation on our part.

If the Supreme Court should not sustain us in any one of a number of points, it would inevitably follow that the dismissal of the complaint in the present case would have to be upheld. On the other hand, since we have come to the conclusion that the present complaint was properly dismissed by the district court, even though it should eventually be determined that we were in all respects correct in our rulings in the General Electric case, we have upon second thoughts decided to dispose of the present case now, without waiting for further light and leading from the Supreme Court.

 The district court pointed out that the present litigation differs radically from the one presented in the General Electric case in that here the plaintiff seeks a mandatory injunction enforcing a collective agreement to submit to arbitration a new contract to govern employment conditions at defendant's plant following the expiration of a collective bargaining agreement; that is, "the Court is asked to direct what may conveniently be described as a *prospective* or *quasi-legislative* arbitration establishing future labor conditions not *specifically* envisaged in their earlier contract." 141 F.Supp. at page 554. We agree with the district court that, assuming the constitutionality of a statute under which the Congress, with its eyes open, might authorize the federal courts to enforce legislative awards of arbitrators, nevertheless, "the present United States arbitration statute does not seek to reach the constitutional limit, but is concerned only with the enforcement of quasi-judicial awards directed at the ascertainment of facts in a past controversy and at the prescription of recoverable damages or other suitable awards for that which has been broken not for that which is to be built." Id., 141 F.Supp. at pages 557–558. For further detail we are content to refer to the opinion by Judge Wyzanski in the district court, 1956, 141 F. Supp. 553.

A judgment will be entered affirming the judgment of the District Court.