In the Matter of the Arbitration of Controversies between VALENCIA BAXT EXPRESS, INC., and Maritime Trucking Company, Inc.

and

SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL–CIO (PUERTO RICO DIVISION).

Civ. No. 206–61.

United States District Court
D. Puerto Rico,
San Juan Division.
Nov. 16, 1961.

Paul Stawinski, San Juan, P. R., and Herbert Burstein, New York City, for petitioner.

Sara Torres Peralta, Santurce, P. R., for respondent.

**RUIZ-NAZARIO, Chief Judge.**

This action is now before the Court on respondent's "Motion to Dismiss Petition and Motion to Vacate Arbitration Award" filed on September 13, 1961, which was the subject of oral argument on September 29, 1961.

Counsel for the parties have also filed exhaustive memoranda on the subject and the Court is now duly advised in the premises.

From the complaint and the exhibits attached thereto it unquestionably appears that all that is sought by the employers-petitioners in this action is to vacate and set aside a prospective and quasi-legislative arbitration award.

■■ Had the respondent Union filed an action in this Court to enforce such prospective and quasi-legislative arbitration award as against said employers plaintiffs, the Court would have been bound to dismiss the action for lack of jurisdiction either under Sec. 301 of the Labor Management Relations Act (29 U.S.C.A. § 185) or under the United States Arbitration Act, as amended (9 U.S.C.A. § 1 et seq.), in obedience to the holding of the United States Court of Appeals for the First Circuit in Boston Printing Pressmen's Union v. Potter Press, 241 F.2d 787, cert. den. 355 U.S. 817, 78 S.Ct. 21, 2 L.Ed.2d 34.

The Court's lack of jurisdiction, under the above cited case, to enforce such prospective and quasi-legislative arbitration award at the request of the Union, precludes it from vacating and setting the same aside at the request of the employers.

■■ It therefore follows that the Court must grant respondent's motion to dismiss the complaint for lack of jurisdiction either under Sec. 301 of the Labor Management Relations Act (29 U.S.C.A. § 185) or under the United States Arbitration Act, as amended (9 U.S.C.A. § 1 et seq.) both invoked by the petitioners as the only source of this Court's jurisdiction in this action.

As the petition fails to allege or show any other source of jurisdiction it must accordingly be dismissed.