**AUSTIN MAILERS UNION NO. 136,**
**Appellant,**

v.

**NEWSPAPERS, INC., Appellee.**

**No. 20702.**

United States Court of Appeals
Fifth Circuit.

March 13, 1964.

Rehearing Denied April 13, 1964.

Certiorari Dismissed June 17, 1964.
See 84 S.Ct. 1894.

See also D.C., 226 F.Supp. 600.

Sam Houston Clinton, Jr., Austin, Tex., for appellant.

Mary Joe Carroll, Martin Harris, Clark, Thomas, Harris, Denius & Winters, Austin, Tex., for appellee.

Before HUTCHESON and BELL, Circuit Judges, and BREWSTER, District Judge.

HUTCHESON, Circuit Judge.

The material facts of this case are not in dispute and are succinctly set forth by the District Judge in his findings of fact.

■■ Appellant's points of error correctly reflect the two principal issues here involved: (1) whether Sec. 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a) empowers the federal courts to compel arbitration pursuant to a contract between an employer and a labor organization, as to future contractual provisions; and (2) whether the contract here involved was still in effect when the appellant sought to enforce the arbitration provisions.

In his findings of fact and conclusions of law,[1] the district judge answered these two issues in the negative. Based thereon, he then entered his order and judgment granting appellee summary judgment.

We are of the opinion that the findings of fact are not shown to be clearly erroneous and that on the basis of these facts and the controlling decisions, his conclusions of law were correctly drawn. In support of his opinion, the district judge relied on Boston Printing Press-

---

1. Austin Mailers Union No. 136 v. Newspapers, Inc., D.C., 226 F.Supp. 600.

man's Union v. Potter Press, 141 F.Supp. 553, affirmed 241 F.2d 787, cert. denied 355 U.S. 817, 78 S.Ct. 21, 2 L.Ed.2d 34.

Here appellant vigorously attacks the Potter Press decision as incorrect and the decision appealed from here as wrong. We cannot agree with this view. On the contrary, we are of the opinion that the Potter Press case was correctly decided and that on the findings and conclusions of the district judge, which we approve, the judgment here appealed from must be affirmed.

Affirmed.